UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAISON HENDRIX, | ) | CASE NO. 1:24-cv-1116 |
| Petitioner, | ) ) | JUDGE CHARLES E. FLEMING |
| v. | ) ) | |
| WARDEN MISTY MACKEY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) ) ) | |

Before the Court is Petitioner Jaison Hendrix's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). For the reasons stated herein, this action is **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND**

On February 7, 2023, a grand jury in the Medina County Court of Common Pleas indicted Petitioner on a single count of rape, in violation of Ohio Rev. Code § 2907.02(A)(1)(b)(B). *See State of Ohio v. Hendrix*, No. 23CR0132 (Medina Cty. Ct. Comm. Pl.). On March 12, 2024, Petitioner entered a plea of no contest, the trial court accepted the change of plea, and found Petitioner guilty of rape in the first degree. *See id.* On March 13, 2024, the trial court sentenced Petitioner to life in prison with the possibility of parole after ten years. *See id.*

On April 11, 2024, Petitioner filed a notice of appeal of his conviction to the Ohio Court of Appeals. *See id.* As of the issuance of this Order, the appeal is fully briefed and awaiting a decision by the Ohio Ninth District Court of Appeals. *See State of Ohio v. Hendrix*, No. 2024CA0026-M (Ohio Ct. App.). In his appeal brief, Petitioner raises a single assignment of error:

1

the trial court denied due process by refusing to admit evidence that the victim misrepresented her age. *See id.*

While his appeal was still pending before the Ohio Court of Appeals, Petitioner filed the instant § 2254 habeas petition on July 1, 2024. Petitioner raises four grounds for relief: (i) ineffective assistance of counsel; (ii) factual inconsistencies in the record regarding the victim's misrepresentation of her age; (iii) disparity in sentencing; and (iv) "Rehabilitation and Home Plan." (*Id.* at PageID #5–10).

## II. LAW AND ANALYSIS

Federal district courts conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). Upon review, the Court finds that the instant habeas proceeding must be dismissed.

Before a federal court will review the merits of a petition for a writ of habeas corpus, a state prisoner must exhaust all possible state remedies or have no remaining state remedies. *Manning v. Alexander*, 912 F.2d 878, 880–81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c)); *see also Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a State supreme court provides a convicted person a full and fair opportunity to review his claims on the merits. *Manning*, 912 F.2d at 880–81 (citing, among other authorities, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302–03, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984)). Exhaustion requires "fair presentation" of the federal claim "to the state courts, including the state court of appeals and the

state supreme court." *Bray v. Andrews*, 640 F.3d 731, 734–35 (6th Cir.2011); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). The petitioner bears the burden of establishing that he has properly and fully exhausted his available state court remedies with respect to his habeas claims for relief. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

Here, Petitioner has not demonstrated that he fully and properly exhausted his state-court remedies. Although Petitioner asserts that he did not file a direct appeal, (ECF No. 1, PageID #6), the state court record clearly reflects that he did, in fact, file a direct appeal and the resulting appellate proceedings are still pending before the Ohio Court of Appeals. Moreover, Petitioner has raised a claim in the pending appeal which he is now attempting to assert in the instant petition. Petitioner initiated this case before the Ohio Court of Appeals rendered a decision on his direct appeal. Even if the Ohio Court of Appeals had rendered a decision, Petitioner would still be required to seek review in the Ohio Supreme Court—a requirement for exhaustion—before filing a § 2254 habeas petition. Thus, the instant petition is premature.[1]

### III. CONCLUSION

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases. This dismissal is without prejudice to Petitioner's re-filing a petition in the future demonstrating that he has fully exhausted his state court remedies. Further, this Court **CERTIFIES** pursuant to 28 U.S.C. §1915(a)(3) an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

---

[1] Petitioner has also failed to demonstrate that he exhausted all state remedies for the other grounds raised in the instant petition (ineffective assistance of counsel, disparity in sentencing, and rehabilitation/home plan). Those issues were not raised as assignments of error in Petitioner's direct appeal, and there is no evidence Petitioner has raised them in any other state court proceeding.

**IT IS SO ORDERED.**

Date:  September 20, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**